PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J.C. DEVAR SANDERS, ) | |
| ) | CASE NO. 5:23 CV 01922 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| S. BENJAMIN CARRO, et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*Pro se* Plaintiff J.C. Devar Sanders filed this civil rights complaint against Assistant County Prosecutor S. Benjamin Carro and Judges Kelly L. McLaughlin, Patricia A. Cosgrove, Susan Baker Ross, and Tammy O'Brien. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2), which he has since removed to amend (ECF No. 4) and Supplement (ECF No. 5). Plaintiff's original application (ECF No. 2) is denied as moot, and the Court grants Plaintiff's amended application to proceed *in forma pauperis*. (ECF No. 4).

**I. Background**

Plaintiff's Complaint appears to concern charges brought against him in the Summit County Court of Common Pleas. The Complaint consists of a timeline of events, identified as a "Statement of Claim," that allegedly occurred during his criminal pretrial proceedings. The timeline includes the following statements.

(5:23CV01922)

On May 24, 2022, Plaintiff appeared before Judge McLaughlin for arraignment, "without an attorney present to protect my constitutional rights." On September 20, 2022, he appeared before Judge McLaughlin, who advised Plaintiff that he was "burning through attorneys." On August 16, 2022, Judge Cosgrove informed Plaintiff that he could not get along with anyone. On November 3, 2022, Plaintiff appeared before Judge Ross, who advised Plaintiff that he was coming close to the 270 day trial time. On November 8, 2022, Judge Ross denied Plaintiff counsel and advised Plaintiff that he was to represent himself. On December 15, 2022, Plaintiff's stand-by counsel did not appear for court and Judge Ross explained the process of waving his right to counsel. On February 24, 2023, Plaintiff appeared for a status conference during which time Judge Ross continued Plaintiff's trial date to July 2023. On March 10, 2023, Plaintiff advised Assistant Prosecutor Carro that he was not receiving court notifications, and Assistant Prosecutor Carro threw forms at him and slammed papers on the table, trying to get a reaction out of Plaintiff and advising him that he was acting "slow." On March 24, 2023, Judge Ross addressed Plaintiff's motion to dismiss and inquired about Plaintiff's motion for Judge Ross's recusal. On May 5, 2023, Plaintiff appeared before Judge Ross, who addressed his speedy trial issues. On July 18, 2023, Plaintiff's case was transferred to Judge O'Brien. On August 24, 2023, Assistant Prosecutor Carro filed a motion to revoke Plaintiff's bond and Judge O'Brien scheduled a bond revocation hearing. On September 12, 2023, Judge O'Brien revoked Plaintiff's bond, which Plaintiff claims was "illegal." ECF No. 1-1 at PageID #: 9-12.

(5:23CV01922)

Plaintiff lists the following statutes as the bases for the Court's jurisdiction: 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 249; 10 U.S.C. § 897; and 42 U.S.C. § 1983. He seeks monetary damages.

## II. Standard of Review

*Pro se* pleadings are liberally construed. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 328 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a

3

(5:23CV01922)

cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff's Complaint appears to arise from criminal charges brought against him, presumably in the Summit County Court of Common Pleas, and his various court appearances in connection with his criminal case.

#### A. Notice Pleading Requirements

As an initial matter, the Complaint consists only of bare, conclusory assertions, providing no facts upon which a court could find Defendants engaged in any wrongdoing.

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must give

4

(5:23CV01922)

the defendant fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, Plaintiff's Complaint, even liberally construed, fails to meet the most basic pleading standard under Rule 8. The Complaint fails to connect any alleged occurrence to any specific, cognizable injury, and Plaintiff fails to coherently identify how Defendants have harmed him. Plaintiff's pleading is nothing more than a mere "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's Complaint lacks an arguable basis in fact, and it fails to state a claim on which the Court may grant relief.

### B. Miscellaneous Statutes

To the extent Plaintiff alleges Defendants violated 18 U.S.C. § 241 (conspiracy to deny civil rights); 18 U.S.C. § 242 (deprivation of civil rights); 18 U.S.C. § 249 (hate crimes); and 10 U.S.C. § 897 (unlawful detention), his claims fail.

Sections 241, 242, and 249 are criminal statutes and provide no private right of action to civil plaintiffs. *See Williams v. Infantino*, No. 5:18 CV 1021, 2018 WL 3772725 at *1 (N.D. Ohio Aug. 9, 2018); *Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 WL 4944396 at *3 (N.D. Ohio Oct. 17, 2011) (citing *United States v. Oguaju*, 76 Fed. Appx. 579, 580 (6th Cir. 2003)). To the extent Plaintiff attempts to bring criminal charges against Defendants, he lacks standing. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.") (citing among authority *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)); *Poole v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 WL 4772177 at *5 (E.D. Mich. Sept. 24, 2014) (a

5

(5:23CV01922)

private citizen lacks standing to initiate criminal proceedings) (citing among authority *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Additionally, 10 U.S.C. § 897 pertains to the armed forces. Plaintiff's Complaint concerns no allegations relating to the United States military.

### C. Immunity

Even if Plaintiff satisfied Rule 8 pleading requirements, to the extent Plaintiff is asserting claims pursuant to 42 U.S.C. § 1983, Plaintiff fails to state a claim because Defendants are immune from suit.

It is well established that judges are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

(5:23CV01922)

Here, Plaintiff gives no indication that Judges McLaughlin, Cosgrove, Ross, and O'Brien were acting in any capacity other than that of a judge when the conduct alleged in the Complaint occurred. Further, Plaintiff appears to object to decisions that the judges made in connection with the criminal proceedings against him. Decisions concerning pending motions, evidence, indictments, and pretrial proceedings are all actions typically performed by judges in criminal matters. Plaintiff has therefore not established that Judges McLaughlin, Cosgrove, Ross, and O'Brien acted clearly outside of the subject matter jurisdiction of the court over which the judges preside. The defendant judges are therefore absolutely immune from damages in this action.

Assistant Prosecutor Carro also enjoys immunity in this action. Prosecutors are absolutely immune from liability under Section 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). So long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at n.27, n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse). Prosecutorial functions include participation in probable cause hearings, grand jury hearings, pretrial

(5:23CV01922)

proceedings, witness preparation, and trials. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

Here, Plaintiff alleges that Assistant Prosecutor Carro engaged in misconduct during his pretrial conferences. He states that Assistant Prosecutor Carro referred to Plaintiff as "slow," threw forms at him, slammed papers on a table to get a reaction from him, "threatened" his wife during a pretrial and told her not to make comments, and he filed a motion to revoke Plaintiff's bond. *See* ECF No. 1-1 at PageID #: 10-12.

To the extent Plaintiff objects to Assistant Prosecutor Carro's motion to revoke his bond, this claim concerns typical prosecutorial functions for which prosecutors are immune. *See Carey v. Okubo*, 158 F. App'x, 962, 967–68 (10th Cir. 2005) (finding that a prosecutor was "performing a prosecutorial function" when revoking a bond). Moreover, even if Assistant Prosecutor Carro acted in bad faith in filing the motion to revoke Plaintiff's bond, he is absolutely immune from Plaintiff's claims. *Imbler*, 424 U.S. at n.27, n.34; *Joseph*, 795 F.2d at 555; *Grant*, 870 F.2d at 1139.

To the extent Plaintiff alleges Assistant Prosecutor Carro threw forms or slammed papers down, told Plaintiff's wife not to speak, or referred to Plaintiff as being slow, Plaintiff's claim fails to satisfy Rule 8 pleading requirements. Plaintiff's claim is an "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Moreover, "Section 1983 does not provide a general remedy for state law torts or allow access to federal courts for all individuals suffering injuries at the hands of state actors." *Graham v. Hodge*, 69 F. Supp. 3d 618, 625 (S.D. Miss. 2014) (citing *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)); *see also Lewellen v.*

8

(5:23CV01922)

*Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 34 F.3d 345, 347 (6th Cir. 1994) (finding the "threshold requirement" of Section 1983 relates to whether the plaintiff has been deprived of a right secured by the Constitution and laws). "Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated[.]" *Id.* Plaintiff's allegations concerning Assistant Prosecutor Carro's alleged behavior during a pretrial conference does not constitute a violation of a right secured by a federal law or the United States Constitution.[1] He therefore fails to state a viable federal claim.

## IV. Conclusion

In light of the foregoing, the Court hereby dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

February 1, 2024            */s/ Benita Y. Pearson*
Date                          Benita Y. Pearson
                                 United States District Judge

---

[1] Plaintiff alleged in a prior Complaint that Assistant Prosecutor Carro threw documents at Plaintiff and yelled at his wife during a pretrial conference. *See Sanders v. Carro*, No. 5:23 CV 1951 (N.D. Ohio filed Oct. 24, 2023) (Lioi, J.). The Court dismissed Plaintiff's claims in that Complaint pursuant to 28 U.S.C. § 1915(e). To the extent Plaintiff raises those same claims in this Complaint, the present action is duplicative and therefore barred by res judicata. *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990) (res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim).

9